IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AMERICAN MULTI-CINEMA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06-1037-CV-W-ODS |
| | ) |
| ROYAL INDEMNITY COMPANY, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION (1) DENYING MOTION TO DISMISS COUNT XVIII AND (2) DENYING MOTION TO SEVER AND TRANSFER COUNT XIII

Pending are two motions raising virtually identical legal arguments. The first, filed by Defendant Masco Contractor Services Central Inc. ("Masco"), seeks dismissal of Count XVIII. The second, filed by Defendant Amerisure Insurance Company ("Amerisure"), asks the Court to sever Count XIII and transfer that claim to the Middle District of Florida. Both motions (Doc. # 166 and Doc. # 183) are denied.

## I. BACKGROUND

Plaintiff contracted with JPT Constructors, Ltd. ("JPT")[1] for the construction of several movie theaters at various locations across the country. Plaintiff, with JPT acting as its agent,[2] contracted with one of Masco's operating divisions[3] "to perform spray-on fireproofing work" at a theater constructed in Florida. Article 5 of the Builder's Agreement required Masco to maintain certain insurance policies that named Plaintiff

---

[1] JPT acted under various names at various times; the single reference is intended to refer to the company regardless of the name used at the time in question.

[2] The Builder's Agreement is between Plaintiff and Masco. JPT is not a party to the Builder's Agreement.

[3] The referenced to Masco will include Masco and its operating division.

and JPT as additional insureds. Section 15 of the General Terms and Conditions provides that "[i]n any legal action . . . . arising out of or connected with this Subcontract, the exclusive and sole place of venue . . . shall be the jurisdiction in which the Project is located."

In late 2000, Plaintiff filed suit in Platte County (Missouri) Circuit Court against JPT, Masco, and others, primarily alleging damages arising from the application of spray-on fireproofing at various theaters. The case was removed to federal court and Masco's motion to dismiss without prejudice was granted; later, the remainder of the case was remanded to state court.[4] On October 18, 2006, the state court entered a consent judgment in Plaintiff's favor for slightly less than $23 million; more than $21 million remains unpaid. Plaintiff then instituted a garnishment proceeding against numerous insurance companies it believed were obligated to indemnify JPT for the losses encompassed within the consent judgment. The garnishment proceeding was removed to federal court.

In Count XIII, Plaintiff sought recovery from Amerisure, the insurance company from whom Masco obtained coverage and which names JPT as an additional insured. In its Amended Answer, Amerisure alleged it provided a fronting policy and has no obligation to pay.[5] Plaintiff interprets this allegation as an indication Masco is the primary insurer and is obligated to pay the amount of the deductible, so it amended its pleadings to add Count XVIII to assert a claim against Masco for the amount of the deductible it is obligated to pay under the insurance policy.

---

[4]Plaintiff filed suit against Masco in Florida, and the case was settled. Amerisure points to language in the settlement that suggests the claims raised in this case against both Amerisure and Masco have been compromised, but other than a few fleeting references neither defendant developed an argument to that effect. The Court declines to consider the potential effect of Plaintiff's settlement with Masco unless and until the issue is formally presented.

[5]"[T]he Fronting Policy contains a deductible matching the policy limit [and] the deductible has not been satisfied, . . . and the Fronting Policy is tantamount to self-insurance." Amerisure's First Amended Complaint, Affirmative Defense X.

Masco argues the claims against it must be dismissed, and Amerisure contends the claims against it should be severed from the rest of the suit and transferred to the Middle District of Florida. Both Masco and Amerisure rely on the forum selection clause in the Builder's Agreement to support their claims (although Amerisure augments its position by relying on the factors traditionally considered under 28 U.S.C. § 1404(a)).

## II.  DISCUSSION

### A.  Applicability of the Forum Selection Clause

The two defendants contend Plaintiff's garnishment proceeding arises out of or is connected to the contract for Masco's services. The Court disagrees; the suit will not require a consideration of the services provided or the terms of the Builder's Agreement. Instead, the focus is on the language of the insurance policies and the matters encompassed by the Consent Judgment – the issue of "what happened in Florida" will not be litigated. "The duty to indemnify is determined by the facts as they are established at trial or as they are finally determined by some other means, for example through summary judgment or settlement. The insurer's duty to pay arises only after the suit by the third party is successful and the insurer becomes obligated to pay the resulting judgment." McCormack Baron Management Services, Inc. v. American Guarantee & Liability Ins. Co., 989 S.W.2d 168, 173 (Mo. 1999) (en banc) (internal citations and quotations omitted). Thus, Masco and Amerisure are incorrect in arguing that Masco's obligations under the contract are at issue. JPT's status as an additional insured and the scope of the coverage provided are determined by looking at the insurance policy, not the Builder's Agreement; whether the policy complies with the Builder's Agreement is beyond the scope of Plaintiff's claims. Similarly, the nature of Masco's obligations under the subcontract are not at issue; the nature of Plaintiff's injury is to be determined by examining the underlying suit and determining what was decided by the Consent Judgment.

3

Masco also intimates this issue was decided when the claims filed against it in 2000 were dismissed. Again, the Court disagrees. That suit asserted claims against Masco based on its performance of duties created by the Builder's Agreement, and thus clearly arose out of that agreement. Here, Plaintiff asserts claims against Masco based on its performance (or nonperformance) of duties created by the insurance policy. The insurance policy's origins, and the reasons for its existence, are irrelevant. Therefore, the present suit does not arise from and is not connected to the Builder's Agreement.

## B. Statutory Considerations

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Despite the statute's specification of factors to be considered, "a district court's evaluation of a transfer motion [is not limited] to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir.), cert. denied, 522 U.S. 1029 (1997). "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." Id. at 695. Moreover, transfer is not justified if it will do no more than shift the inconvenience from one party to the other. Id. at 696-97.

Many of the facts identified by Amerisure simply are not relevant. The theater is located in Florida, many of Masco's employees are in Florida, and documents about the work are located in Florida. These factors might be important if the Court were considering whether Masco performed its obligations under the Builder's Agreement, but that is not the case. This case involves a claim about the defendant's obligations under an insurance contract, and the most critical pieces of evidence are (1) the insurance policy and (2) the Consent Judgment and other documents from the state

4

court suit. The Court does not discern any inconvenience for third-party witnesses, and transferring the case from Missouri to Florida would only shift the burden from one party to another.

### III. CONCLUSION

For these reasons, (1) the Court concludes the forum selection clause does not apply, so dismissal of Count XVIII is not appropriate, and (2) the Court declines to exercise its discretion to sever and transfer Count XVIII.

IT IS SO ORDERED.

DATE: January 9, 2008

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT